UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Bourgeois | Civil Action No. 16-00494 |
| versus | Judge Rebecca F. Doherty |
| Valero Energy Corp., et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, upon referral from the district judge, is Plaintiff, Brenda Fontenot Bourgeois', Motion to Dismiss Pursuant To Rule 12(b)(1),[1] Lack of Subject Matter Jurisdiction And Motion To Remand To State District Court [Rec. Doc. 26] and Defendants, Valero Energy Corporation ("Valero"), Alon USAGP LLC ("Alon"), Merrill Lynch Pierce Fenner & Smith Inc. ("Merrill Lynch"), and Principal Life Insurance Co.'s ("Principal"), (collectively referred to as "Defendants") Joint Memorandum In Opposition [Rec. Doc. 41] and Joint Memorandum In Further Support Of Subject Matter Jurisdiction [Rec. Doc. 55].[2] The Court will recommend that the Motion be denied.

*1. Background*

---

[1] As a Rule 12(b) motion filed in response to Plaintiff's own claims is procedurally improper, the Court will consider only the Motion To Remand.

[2] Plaintiff also named as defendants Desiree N. Bourgeois, Hannah R. Bourgeois and the Estate of Anthony S. Bourgeois (collectively referred to as "Bourgeois"). While these defendants consented to removal, they have not filed any opposition to the Motion.

Brenda Fontenot Bourgeois ("Plaintiff") and Anthony S. Bourgeois ("the decedent") were married on March 21, 1987. The decedent was employed by Alon and Valero during the period of April 1, 1988 to February 28, 2014. During his employment with Alon and Valero, the decedent paid certain contributions into the Alon Pension and 401(k) Plan and Retirement Plan as well as the Valero Retirement Plan and 401(k) Plan (collectively "Alon/Valero Plans"). Plaintiff and the decedent divorced on February 28, 2014, which dissolved their marriage and the community of acquets and gains. The decedent died on April 1, 2015.

On or about March 2, 2016, Plaintiff, the ex-wife of the decedent, filed this lawsuit in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, for one-half of the benefits under the Alon/Valero Plans on the basis of Louisiana community property law. *R. 1-3*. This matter was removed by Defendants, Bourgeois, Principal, Valero, and Merrill Lynch on April 14, 2016. Defendants contended that "this Court has original jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 1132, because Plaintiff's claims for benefits necessarily arise under the Employee Retirement Income Security Act (ERISA), which gives federal courts exclusive jurisdiction as to those claims." *R. 1*.

On May 18, 2016, Plaintiff filed this Motion to Remand asserting that "[r]emoval was improper because none of the claims in this separation of community of acquets and gains, state court civil action, satisfied either the federal question or

diversity requirements of original jurisdiction." *R. 26*. Defendants filed a Joint Opposition to Plaintiff's Motion on June 6, 2016. *R. 41*. On July 14, 2016, the Court ordered Defendants, as the parties removing this case, to "jointly submit ... sufficient facts addressing their representations that the various retirement/pension/401(k) plans at issue are in fact employee benefit plans under ERISA, supporting all relevant facts with summary-judgment-type evidence and appropriate legal analysis to support removal and jurisdiction ...."[3] *R. 54*. On August 8, 2016, Defendants filed a Joint Memorandum in Further Support of Subject Matter Jurisdiction ("Supplemental Opposition"). *R. 55*.

## II. Law And Analysis

Plaintiff alleges that she is the owner of a one-half interest of the proceeds in the Alon/Valero Plans, based on Louisiana community property law. *R. 1-2*. Plaintiff prays for, "judgment [in] favor of plaintiff and against defendants, recognizing plaintiff's interest in the pension fund or rights payable to or in favor of [the decedent], in the VALERO [and] ALON . . . retirement plans attributable to his employment during the community of acquets and gains existing between the plaintiff and [the decedent]. *Id,* at ¶ 21.

---

[3] As the parties removing the case, Removing Defendants bear the burden of establishing jurisdiction. *See Berniard v. Dow Chemical Co.*, 481 Fed.Appx. 859, 862, 2010 WL 8750602, at *2 (5th Cir. 2010) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961).

In their Opposition and Supplemental Opposition to Plaintiff's Motion, Defendants assert that federal question jurisdiction exists because the retirement/pension/401(k) plans at issue are "employee benefit plans under ERISA, and ERISA preempts any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" as provided by 29 U.S.C. § 1144(a) and *Peace v. Am. Gen. Life Ins. Co.*, 462 F.3d 437, 442 (5th Cir.2006). They attach copies of the Plan Documents and Summary Plan Descriptions (SPDs) for each of these Plans as Exhibits 1, 2, 3, 4, 5, 6, 7, and 8 of their Supplemental Opposition. *R. 55.* The Court agrees that the attached documents establish that the Plans are "employee benefit plans" under ERISA.

Under Fifth Circuit jurisprudence, a plan exists "if from the surrounding circumstances, a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." *Peace v. American General Life Ins. Co.*, 462 F.3d 437, 447 (5th Cir. 2006) (citing Mem'l Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 240–41 (5th Cir.1990) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1374 (11th Cir.1982)(en banc)). Defendants attach the affidavits of Alon's Director of Human Resources, Eric Nystrom ("Nystrom"), and Valero's VP of Benefits and Administrative Services, Patricia P. Goynes ("Goynes"), who state that their respective companies have consistently maintained the Plans at issue for the benefit of their employees and pursuant to the requirements of ERISA. *Id., Exh 9, Aff of Nystrom; Exh 10, Aff of*

*Goynes.* The Court finds that the Plan Documents and SPDs for each of the Plans identify: (1) what benefits are provided; (2) who may receive those benefits; (3) how those benefits are funded; and (4) how and when participants can receive distributions. *R. 55, Exh 1, pp. 22-65, 74-75; Exh 2, pp. 6-15, 19-26; Exh 3, at pp. 15-30, 41-42; Exh 4, pp. 4-19; Exh 5, pp. 22-28, 44-53, 58-64; Exh 6, pp. 35, 241-258, 294; Exh 7, pp. 32-48, 58-70; Exh 8, pp. 35, 273-283, 294.*

Additionally, the Court agrees that the Alon and Valero Plans were established and have been maintained by Alon and Valero, respectively, for the benefit of their employees and for the sole purpose of providing retirement benefits. Alon and Valero have held out their respective Plans as ERISA Plans to their employees. *R.55, Exh 1, pp. 67-70; Exh 2, pp. 21-27; Exh 3, pp. 1, 34-40; Exh 4, pp. 21-22; Exh 5, pp. 66-67, 76; Exh 6, pp. 257, 291-294; Exh 7, pp. 77-82; Exh 8, pp. 291-294*. Each Plan provides for "retirement income" to "employees." *Id., Exh 2, pp. 6-20; Exh 4, pp. 1-20; Exh 6, pp. 35, 241-258; Exh 8, pp. 35, 273-283*.

Finally, Defendants cite the affidavits of Sheila Warner ("Warner"), the Senior Client Service Manager of Principal Life and custodian and the record keeper of the Alon Plans, and K. Jerome Adair ("Adair"), the Assistant General Counsel of Bank of America Corporation and counsel to Merrill Lynch and the record keeper of the Valero Plans. *R. 55, Exh. 15, Aff. of Warner; Exh. 16, Aff. of Adair; see also Exh 10, Aff. of Goynes.* The sworn statements of Warner and Adair citing their respective

Forms 5500 establish that Alon and Valero have maintained their Plans in compliance with ERISA, and confirm that the plan administrator filed with the U.S. Department of Labor the required annual Form 5500.[4] *R. 55*, *Exhs 11, 12*, *Alon Plans Form 5500*; *Exh 13, 14*, *Valero Plans Form 5500*.

In summary, the foregoing evidence clearly demonstrates that the Alon and Valero Plans are each "plans, funds, or programs" that were "established and maintained" by Alon and Valero, and which provide "retirement income" to "employees." Therefore, the Alon and Valero Plans are "employee pension benefit plans," which, in turn, are "employee benefit plans," and thus are subject to ERISA. Accordingly, this Court has subject matter jurisdiction over the action under ERISA § 502(a). *See*, 29 U.S.C. § 1132.

### *III. Conclusion*

Based on the foregoing, the undersigned recommends that Plaintiff, Brenda Fontenot Bourgeois', Motion to Dismiss Pursuant To Rule 12(b)(1), Lack of Subject Matter Jurisdiction And Motion To Remand To State District Court [Rec. Doc. 26] be DENIED as this Court has subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c)) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

---

[4] Only ERISA Plans are required to file Form 5500s with the Department of Labor. *See* 29 U.S.C. § 1024(a)(1).

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 7th day of November, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE