# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Bourgeois                                              Civil Action No. 16-00494

versus                                                  Judge Rebecca F. Doherty

Valero Energy Corp., et al          Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, are Motion[s] To Dismiss

Pursuant to Federal Rule 12(b)(6)[1] filed by Defendants Principal Life Insurance Co.

("Principal") [Rec. Doc. 12], Alon USAGP LLC ("Alon") [Rec. Doc. 18], Valero

Energy Corporation ("Valero") [Rec. Doc. 20], and  Merrill Lynch Pierce Fenner &

Smith Inc. ("Merrill Lynch") [Rec. Doc. 25] (collectively known as "Defendants"),

Plaintiff, Brenda Fontenot Bourgeois', Memorandum in Opposition to Defendants'

Motions [Rec. Docs. 32, 33, 34, 35], Defendants' Replies thereto [Rec. Docs. 43, 45]

and Plaintiff's Voluntary Motion To Dismiss, Without Prejudice, Claims Against

Defendants, From Suit Pursuant To Rule 41(a)(1) And Retains All Claims Against

Remaining Defendants, Desiree N. Bourgeois, Hannah R. Bourgeois, Estate Of

---

[1] Alon and Merrill Lynch also assert claims under Rule 12(c). As the standard for
deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under
Rule12(b)(6), the Court will consider the motions under Rule 12(b)(6). Valero also asserts a
claim under Rule 12(b)(5), for defective service. The Court will initially decide Valero's Motion
under Rule 12(b)(6).

Anthony S. Bourgeois, And Many Other Beneficiaries (Known) And Unknown [Rec. Doc. 36], Opposition Memoranda filed by Principal [Rec. Doc. 47] Plaintiff's Reply thereto [Rec. Doc. 49].[2] After considering the entire record of this action as well as the applicable jurisprudence, the undersigned will recommend that Defendants' Motion[s] To Dismiss be granted and Plaintiff's Motion To Voluntary Dismiss Without Prejudice be denied as moot.

*I. Procedural and Factual Background*

On or about March 2, 2016, Brenda Fontenot Bourgeois ("Plaintiff"), the ex-wife of Anthony S. Bourgeois ("the decedent"), filed this lawsuit in the 27th Judicial District Court for the Parish of St. Landry. *R. 1-3.* On April 14, 2016, the action was removed to the U.S. District Court for the Western District of Louisiana, Lafayette Division, on the grounds that Plaintiff's state law claims for benefits under various retirement/pension/401(k) plans were completely preempted by ERISA, § 502(a). *R. 1,* at ¶¶ V, X-XVII.

Plaintiff alleges the following pertinent facts in her Petition: Plaintiff and the decedent were married on March 21, 1987. *R. 1-3,* at ¶ 2. The decedent "accepted a

---

[2] While Plaintiff alleges the same cause of action and prayer for relief against all defendants, she alleges that Desiree  N. Bourgeois, Hannah R. Bourgeois and the Estate of Anthony S. Bourgeois  (collectively referred to as "Bourgeois") are the heirs and beneficiaries of the decedent. While Bourgeois consented to Removal of this action they have not filed any responses to Plaintiff's Motions.

job with Phibro, then Basis Refining who was ultimately changed [sic] to Valero

Energy Corporation and finally Alon USA. . . ." *Id.*, at ¶ 4. From April 1, 1988 to

July 1, 2008, certain contributions were paid into the [Valero retirement/401(k) plan]

(the "Valero Plans"), attributable to the employment of [the decedent]. *Id.*, at ¶ 6.

From July 1, 2008 to February 28, 2014, certain contributions were paid into the

[Alon USA Pension and 401(k) Plan/Retirement Plan] (the "Alon Plans"), attributable

to the employment of [the decedent]. *Id.*, at ¶ 7.  Plaintiff and the decedent divorced

on February 28, 2014, which dissolved their marriage and the community of acquets

and gains.  *Id.*, at ¶ 3 The decedent died, more than a year later, on April 1, 2015. *Id.*,

at ¶ 5.

    In her Petition, Plaintiff does *not* allege that she is a participant or a named

beneficiary under the Valero/Alon Plans ("the Plans"). Rather, she claims that she is

the "owner" of a one-half interest of the proceeds in the  Plans, which represents the

amount of contributions invested by the decedent during the existence of the

community of acquets and gains between Plaintiff and the decedent. *Id.,* at ¶ 10.

Plaintiff alleges that the proceeds under the Plans "became payable to [the decedent's]

estate and his beneficiaries" on April 1, 2015, the date of the decedent's death. *Id.,* at

¶ 9. Plaintiff seeks a judgment "recognizing [her] as the owner of one-half (½)" of the

proceeds in the Alon Plans "attributable to creditable service during the existence of

the former community of acquets and gains, namely in the interest of, upon information and belief, ½ of the total of such proceeds. . . ." *Id.,* at ¶ 12.

## II. The Parties' Contentions

Plaintiff alleges that she is entitled to one-half of the proceeds from the Plans based solely on the decedent's contributions to the Plan during the existence of the community regime between Plaintiff and the decedent. Plaintiff relies on Louisiana community property law as the basis for these claims.

In their motions to dismiss, Defendants assert that because the decedent's retirement accounts are governed by ERISA, all of Plaintiff's claims addressing the ownership and/or beneficiary rights of the ERISA-governed plans are preempted. Consequently, all of Plaintiff's claims must be dismissed with prejudice.

## III. Legal Standard

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

When deciding a 12(b)(6)  motion to dismiss, the court "must consider the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[W]e note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

5

*IV. Law and Argument*

*1. Motions To Dismiss*

The Court previously considered Plaintiff's Motion To Remand and whether or not the Court had subject matter jurisdiction over this action. *R. 26, 41, 55, 56.* This Court issued a Report and Recommendation: (1) finding the Alon and Valero Plans at issue are governed by the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq* ("ERISA"); (2) holding that this Court has subject matter jurisdiction over this action under ERISA § 502(a); and (3) recommending that Plaintiff's Motion To Remand be denied. Thus, the Court will consider the motions to dismiss based on ERISA.

Congress enacted ERISA to provide for "a uniform regulatory scheme over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). "ERISA broadly preempts any and all state laws that 'relate to' ERISA-covered pension plans. 29 U.S.C. § 1144(a)." *Taliaferro v. Goodyear Tire & Rubber Co.*, 265 Fed. Appx. 240 (5th  Cir. 2008) (quoting *Manning v. Hayes*, 212 F.3d 866, 870 (5th Cir. 2000)). The Fifth Circuit is clear that "ERISA preempts a state law claim 'if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities: the employer, the plan

6

and its fiduciaries, and the participants and beneficiaries.'" *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir.1996) (quoting *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995). A "participant" is defined by ERISA as an "employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit." 29 U.S.C. § 1002(7). A "beneficiary" is a "person designated by a participant or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id*. at § 1002(8).

A lawsuit by a participant or beneficiary to recover benefits from a covered plan falls directly within the civil enforcement provision of ERISA, which provides an exclusive federal cause of action for the resolution of such disputes. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987)). "'It is clear that ERISA preempts a state law cause of action brought by an ERISA plan participant or beneficiary alleging improper processing of a claim for plan benefits.'" *Dowden v. Blue Cross & Blue Shield of Tex., Inc.*, 126 F.3d 641, 643 (5th Cir. 1997) (quoting *Memorial Hosp. Sys.*, 904 F.2d at 245 (citing *Pilot Life Ins. Co*., 481 U.S. at 48)). Considering the allegations of the Petition, it is clear that Plaintiff's exclusive remedy lies within the civil enforcement provisions of ERISA.

Plaintiff alleges that she is entitled to half of the contributions paid into the ERISA plans because the contributions were made during the existence of the community property regime and therefore, she is entitled to her half under Louisiana community property laws. As the United States Supreme Court explained in *Boggs v. Boggs*, 520 U.S. 833 (1997), the qualified domestic relations order ("QDRO") provisions of ERISA address the rights of divorced and separated spouses, and their dependent children, which are the traditional concern of domestic relations law. *Id.* at 850. "The QDRO and the surviving spouse annuity provisions define the scope of a nonparticipant spouse's community property interests in pension plans consistent with ERISA." *Id*. at 850. Here, Plaintiff has failed to allege that a QDRO exists that would somehow allow her to reach benefits from the Alon/Valero Plans.

In *Stahl v. Exxon Corp*., 212 F.Supp.2d 657 (S.D. Tex. July 1, 2002), the court examined whether the ex-wife of a deceased plan participant was entitled to half of the plan proceeds via a QDRO entered after the plan participant died. As the court explained, "[a] QDRO is a mechanism created by Congress in the Retirement Equity Act ("REA") of 1984, which amended ERISA." *Id*. at 667 (citing 29 U.S.C. § 1001 *et seq*). "Through the REA, Congress enhanced the protection available to divorced spouses and their interest in retirement funds accrued during marriage. The QDRO provisions protect those persons who, often as a result of divorce, might not receive

8

the benefits they otherwise would have had available during their retirement as a means of income." *Id*. (citing *Boggs*, 520 U.S. at 854). To accomplish this goal, the REA requires that "[e]ach pension plan shall provide for the payment of benefits in accordance with the applicable requirements of any qualified domestic relations order." *Id.* (citing 29 U.S.C. § 1056(d)(3)(A)). Under the REA, "[e]ach plan shall establish reasonable procedures to determine the qualified status of domestic relations orders and to administer distributions under such qualified orders." *Id.* (citing 29 U.S.C. §1056(d)(3)(G)(ii)). The *Stahl* court examined a number of similar cases and ultimately concluded that the QDRO at issue was not in place *prior* to the plan participant's death and, therefore, was without legal effect and was unenforceable. *See e.g, Dorn v. International Broth. of Elec. Workers*, 211 F.3d 938, 948 (5th Cir. 2000); *Rivers v. Central & S.W. Corp.*, 186 F.3d 681, 683 (5th Cir.1999).

In *Berry v. Kirkland*, 1998 WL 187823 (E.D. La. Apr. 20, 1998), a case with facts similar to this one, the court granted a motion to dismiss a lawsuit filed by a former spouse seeking redistribution/ownership interest in benefit plans in which her deceased ex-husband had participated. The court explained that the state community property law on which plaintiff based her claims was preempted by ERISA. Consequently, the only way the plaintiff could have protected her possible ownership interest in the plans was if she had obtained a QDRO at the time of her divorce from

9

the plan participant. *Id*. at *1. Although the plaintiff and plan participant divorced in 1985 and the participant retired in 1992, the plaintiff did not secure a final community property partition until June 8, 1995 - a year following the participant's death. No QDRO was ever obtained. *Id.* The court explained: "Congress did not ignore the community property interests of former spouses and their children in regulating these plans; it simply required certain measures to be taken (i.e., QDROs) in order to preempt the otherwise governing federal law." "Because no QDRO was ever obtained, and the rights plaintiff claim are now vested in someone else, plaintiff's claims must fail." *Id*.

Here, for  Plaintiff to have a possible ownership interest in the Alon/Valero Plans, she first would have had to have obtained a QDRO.  In her Petition, Plaintiff makes no allegation that any QDRO exists. Consequently, Plaintiff has failed to state a cognizable cause of action or claim for relief providing how or why she may be entitled to half of the proceeds via ERISA. Therefore, Plaintiff has failed to state an actionable claim, and her case should be dismissed.

## 2. Plaintiff's Voluntary Motion To Dismiss, Without Prejudice

On May 27, 2016, after Defendants filed the motions to dismiss with prejudice, Plaintiff filed a motion to voluntarily dismiss Defendants (not Bourgeois) without prejudice. *R. 36.* Rule 41 of the Federal Rules of Civil Procedure addresses voluntary

dismissal of a case. Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment." *See* Fed. R. Civ. P. 41(a)(1)(A)(I) (emphasis added). Here, Plaintiff filed her voluntary motion to dismiss Defendants *after* answers to Plaintiff's Petition had been served and filed into the record. *R. 7, 9.*[3] Thus, as Rule 41(a)(1) does not apply, this action may be dismissed at Plaintiff's request "only by court order." *See* Fed. R. Civ. P. 41(a)(2).

Plaintiff originally provided no explanation for filing her motion to voluntarily dismiss Defendants. After Defendants' opposition memorandum was filed, however, Plaintiff filed a reply memorandum stating that the Court should grant her motion to dismiss without prejudice because discovery from Defendants is necessary to determine if the Plans are in fact pre-empted by ERISA. *R. 49.* As previously analyzed in Plaintiff's Motion To Remand and as provided above, the Court has requested and received evidence from Defendants, which was filed into the record, that the Alon/Valero Plans are in fact ERISA plans. Accordingly, the undersigned will recommend that the Court dismiss Plaintiff's Voluntary Motion to Dismiss without prejudice as moot.

---

[3] Only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41. *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975)

*V. Conclusion*

Based on the foregoing, the undersigned recommends that (1) the Motion[s] To Dismiss Pursuant To Federal Rule 12(b)(6) filed by Defendants Principal Life Insurance Co. [Rec. Doc. 12], Alon USAGP LLC [Rec. Doc. 18], Valero Energy Corporation [Rec. Doc. 20], and  Merrill Lynch Pierce Fenner & Smith Inc. [Rec. Doc. 25] be GRANTED and Plaintiff's claims against all defendants be dismissed with prejudice; and(2) Plaintiff's Voluntary Motion To Dismiss, Without Prejudice, Claims Against Defendants, From Suit Pursuant To Rule 41(a)(1) And Retains All Claims Against Remaining Defendants, Desiree N. Bourgeois, Hannah R. Bourgeois, Estate Of Anthony S. Bourgeois, And Many Other Beneficiaries (Known) And Unknown [Rec. Doc. 36] be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th  Cir.1996).

Thus done and signed in Lafayette, Louisiana on this 7th day of December, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**